UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ILMER D.,                                              Case No. 26-CV-0115 (PJS/DJF)

                    Petitioner,

v.                                                                    ORDER

PAMELA BONDI, Attorney General; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; DEPARTMENT OF
HOMELAND SECURITY; TODD M.
LYONS, Acting Director of Immigration and
Customs Enforcement; IMMIGRATION
AND CUSTOMS ENFORCEMENT; DAREN
K. MARGOLIN, Director for Executive
Office for Immigration Review; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW;
DAVID EASTERWOOD, Acting Director, St.
Paul Field Office, Immigration and Customs
Enforcement,
                    Respondents.

David L. Wilson and Gabriela Sophia Anderson, WILSON LAW GROUP,
for petitioner.

Liles H. Repp and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE,
for respondents.

This matter is before the Court on petitioner Ilmer D.'s petition for a writ of

habeas corpus.[1]  Ilmer, a citizen of Nicaragua, entered the United States without

_____

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

inspection on or about July 2, 2021.  V. Pet. ¶¶ 27–28; Lee Decl. ¶ 4.  Ilmer was detained

shortly after his unlawful entry and was later released from custody on October 1, 2021,

after an asylum officer found that he demonstrated a credible fear of persecution or

torture.  Lee Decl. ¶¶ 6–7 & Exs. B–C.  On July 13, 2023, Ilmer applied for asylum and

withholding of removal.  Lee Decl. ¶ 8.  His application remains pending.  *Id.*

In early January 2026, Immigration and Customs Enforcement ("ICE") took Ilmer

into custody.  V. Pet. ¶ 31; Lee Decl. ¶ 9.  Respondents take the position that Ilmer is

subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled

to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim

guidance from ICE and recent precedent from the Board of Immigration Appeals

finding that § 1225, rather than § 1226, applies to aliens who entered without inspection

and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957,

963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. &

N. Dec. 216, 229 (BIA 2025).

Following his arrest, Ilmer filed this habeas action.  This is one of numerous

recent cases challenging the application of § 1225(b)(2) to aliens who are living in the

United States unlawfully.  This Court recently held that, because such aliens are not

"seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos*

*M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25,

2025).  As the Court has previously noted, although respondents' argument that *Santos M.C.* was wrongly decided has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Ilmer, who entered without inspection and are already present and living in the United States.[2]  Respondents also argue that this case is distinguishable from *Santos M.C.* because Ilmer has applied for asylum and is therefore "seeking admission."  The Court does not believe that this is a meaningful distinction; again, as Ilmer has been living and working in the United States for many years, he is not "seeking admission" to the United States.  The Court therefore holds that Ilmer is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a).  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), however, that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  Ilmer alleged in his petition that his arrest was warrantless, V. Pet. at 24 ¶ 5, and respondents have not

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 5 at 4.

argued otherwise or presented evidence to the contrary.  The Court will therefore grant

Ilmer's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2.      The Court DECLARES that petitioner is not subject to mandatory

detention under 8 U.S.C. § 1225(b)(2).

3.      Respondents must release petitioner from custody immediately.

4.      The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2026                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court